IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-13-1674 |
| § | |
| IRIS CALLES, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion to Remand (Document No. 4), in which Plaintiff argues that the Court does not have subject matter jurisdiction over this case, and that Defendant's removal was both improper and untimely. Having considered the motion, the response in opposition, and the underlying state court pleadings, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion to Remand be GRANTED.

On February 27, 2013, Plaintiff Bank of America, N.A. filed an Original Petition for Forcible Detainer in the Justice of the Peace Court, Precinct No.5, Position No. 2, Harris County, Texas, against Defendant Iris Calles ("Calles") and All Other Occupants of 17502 Northhagen Drive, Houston, Texas 77084. A default judgment was granted on March 11, 2013. Bank of America alleges that Calles appealed the default judgment to the County Court at Law No. 4 of Harris County, Texas. She then, on June 7, 2013, removed the case to this Court. On July 2, 2013, within thirty days of removal, Bank of America filed its timely Motion to Remand.

In its Motion to Remand, Bank of America sets forth three bases for remand of this case. First, Bank of America maintains that subject matter jurisdiction is lacking, and that although it and Calles are diverse, the amount in controversy does not exceed $75,000. Second, Bank of America maintains that this case was not removable under 28 U.S.C. § 1441(b) because Calles is a Texas resident. Finally, Bank of America maintains that the removal was untimely under § 1446(b). Remand is warranted on all three bases.

**The Court lacks subject matter jurisdiction**

As Bank of America has not asserted a federal claim, subject matter jurisdiction can only be premised on diversity jurisdiction. 28 U.S.C. § 1332(a)(1) provides in this regard:

> The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between — citizens of different States.

Here, there is no dispute that Bank of America and Calles are citizens of different States. What Bank of America disputes, and what is borne out in the case law and Bank of America's submissions[1] is that the amount in controversy in this case does not, and cannot, exceed $75,000.

In a forcible entry and detainer case, the only issue to be determined "is whether the party seeking to obtain possession is entitled to actual and immediate possession." *Bruce v. Federal National Mortgage Ass'n*, 352 S.W.3d 891, 893 (Tex. App.–Dallas 2011, writ denied); *Dews v. Floyd*, 413 S.W.2d 800, 805 (Tex. Civ. App. – Tyler 1967) (in a forcible entry and detainer case "[t]he primary object of such a suit is a recovery of possession. The primary issue is a right to possession."). As such, the amount in controversy is not the value of the property, but rather the

---

[1] Bank of America has submitted three exhibits with its Motion to Remand: Exhibit A, Original Petition for Forcible Detainer (Document No. 4-1); Exhibit B, Judgment by Default (Document No. 4-2); and Exhibit C, Citation and Return (Document No. 4-3).

"value of the right to possess or occupy the property at issue." *Wells Fargo Bank v. Ford*, No. 3:12-CV-4717-M (BF), 2013 WL 1103274 *3 (N.D. Tex. 2013); *see also Bank of America v. Horace*, No. 3:13-CV-01317-L, 2013 WL 1718090 (N.D. Tex. 2013) ("the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property.").

 Here, while Calles alleges that the market value of the property from which Bank of America seeks to evict her is $290,110.00, Calles has alleged no facts from which it could be ascertained that *the value of her right to possess or occupy that property exceeds $75,000*. Defendant Calles as the removing party, has the burden to prove that the minimum jurisdictional limit has been met. *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636, 638-39 (5th Cir. 2003). She has not done so. In addition, given Bank of America's reference to the Harris County appraisal records, which show that the property is valued at $68,936,[2] Calles cannot show that the amount in controversy exceeds $75,000. The Court therefore lacks subject matter jurisdiction over this case and it must be remanded to state court. *See e.g., Horace*, 2013 WL 1718090 (where all the removing defendant in a forcible detainer case alleged was that the market value of the property was $93,700, he had not met his burden of establishing the $75,000 amount in controversy requirement for diversity jurisdiction purposes); *Federal National Mortgage Ass'n v. Colton*, No. 3:12-CV-5094-L, 2013 WL 1759521 (N.D. Tex. 2013) (remanding forcible detainer case where defendant failed to establish the "value of the right to occupy or possess the Property.").

---

[2] *See* Harris County Appraisal District website, www.hcad.org, Account 1154050010027 for 17505 Northhagen Drive, Houston, Texas 77084.

**Removal was Improper Under § 1441(b)(2)**

Under § 1441(b)(2), this case was not removable because Defendant Calles is a citizen of Texas:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

That improper removal, which is considered a procedural defect, *In re Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009), can be cured under 28 U.S.C. § 1447(c) with a timely Motion to Remand, filed within thirty days of the Notice of Removal:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Bank of America's Motion to Remand was timely, having been filed within thirty days of Removal. As such, pursuant to § 1441(b)(2) and § 1447(c), remand is warranted to cure Calles' improper removal. *See e.g., Deutsche Bank Nat'l Trust Co. v. Rohleder*, No. H-13-1547, 2013 WL 3884231 *1 (S.D. Tex. July 19, 2013) (where defendant in a forcible detainer suit was a citizen of the State of Texas, "removal was improper under the 'forum-defendant rule' set forth in 28 U.S.C. § 1441(b)").

**Removal was Untimely under § 1446(b)**

Bank of America filed suit against Calles in Justice of the Peace Court on February 27, 2013. Calles was served with the pleading in that case on March 4, 2013. *See* Return of Service, Exhibit C to Plaintiff's Motion to Remand (Document No. 4-3). Calles filed her Notice of Removal on June 7, 2013, well outside of the thirty days provided for by 28 U.S.C. § 1446(b) ("The notice of removal

4

of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). Given the untimely removal, remand is warranted under § 1446(b) and 1447(c). *See e.g., Rohleder* at *2 ("in forcible detainer suits, the thirty-day time limit for removal begins to run from service of the justice of the peace suit").

## Recommendation

Based on the lack of subject matter jurisdiction, as well as Calles' improper and untimely removal, the Magistrate Judge

RECOMMENDS that Plaintiff Bank of America, N.A.'s Motion to Remand (Document No. 4) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

5

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of October, 2013.

/s/ Frances H. Stacy
Frances H. Stacy
United States Magistrate Judge